No. 732 August 5, 2026 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE EDUARDO GUDINO-MACIAS,
*Defendant-Appellant.*

Washington County Circuit Court
23CR54855; A186658

Hafez Daraee, Judge. (Judgment dated November 13, 2024)

Chris C. Colburn, Judge. (Judgment dated December 3, 2024; Supplemental Judgment dated January 14, 2025)

Submitted on June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Chris Perdue, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment of conviction for reckless driving, ORS 811.140; fourth-degree assault, ORS 163.160; recklessly endangering another person, ORS 163.195; and second-degree criminal mischief, ORS 164.354. He also appeals a supplemental judgment imposing restitution. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B.[1] *See* ORAP 5.90(1)(b). We affirm.

Defendant was charged with the above referenced offenses, as well as driving under the influence of intoxicants (DUII), as the result of an automobile collision where defendant "T-boned the victim's vehicle on the driver's side." The state asserted that defendant was ineligible for DUII diversion under ORS 813.215(1)(j)(B), which provides that a defendant is not eligible for DUII diversion if the "present driving while under the influence of intoxicants offense" involved an "accident" resulting in "[p]hysical injury as defined in ORS 161.015 to any person other than the defendant."

Defendant, believing he was eligible for DUII diversion, filed a "motion to allow * * * entry into the DUII Diversion Program." *See* ORS 813.210 (setting forth procedure for a defendant to file a "petition for a [DUII] diversion agreement").

At the hearing on defendant's motion for entry into DUII diversion, defendant asserted that he was eligible for diversion because there was not a "proper evidentiary basis * * * to establish that in fact an injury occurred which would preclude [defendant] from entering * * * diversion," although he agreed with the trial court that, under the pertinent statutory scheme, the trial court could "kick [defendant] out of diversion" if the state later "produce[d] the victim" who was caused physical injury as a result of the traffic accident.

---

[1] We note that defendant was also convicted of driving under the influence of intoxicants, ORS 183.010. A separate judgment of conviction for that offense is also the subject of defendant's notice of appeal in this court, but defendant's *Balfour* brief asserts that he is "not appealing his conviction" for that offense.

Ultimately, at the end of the hearing on defendant's motion, the court exercised its discretion to allow DUII diversion, with the "proviso" that defendant ran the "risk of [the trial court] kicking [defendant] off diversion if the State ever produces a victim that says you hurt them and caused physical injury to them." *See State v. Wright*, 204 Or App 724, 726, 131 P3d 838 (2006) (noting that, "[o]nce a defendant establishes eligibility, whether contested or not, the decision to allow diversion in a particular case is a matter of discretion left to the trial court"). As a result of that ruling, defendant pleaded guilty to DUII and entered DUII diversion.

Subsequently, during the pendency of the DUII diversion, defendant filed a motion to dismiss the pending fourth-degree assault charge contending that the doctrine of issue preclusion barred the state from "relitigating the issue of whether an injury occurred." Specifically, defendant asserted that, by "admitting [defendant] into the DUII Diversion Program, the court necessarily determined that [defendant's] DUII did not result in injury to another person" and, thus, the state could not prove defendant committed fourth-degree assault. That was so, in defendant's view, because a conviction for fourth-degree assault requires proof that a defendant caused "physical injury" to another. *See* ORS 163.160(1) (defining the offense of fourth-degree assault). The state opposed defendant's motion to dismiss, contending that "a final decision on the merits was not made" as to the issue of "physical injury" and, in any event, "the prior Diversion proceeding is not the type of proceeding to which this court will give preclusive effect." The trial court ultimately denied defendant's motion to dismiss the assault charge on the basis of issue preclusion, determining that "there was [not] a true adjudication" of the issue of whether defendant caused physical injury and not a decision made that "could not be changed."

After that ruling, defendant, the state, and the court engaged in discussions regarding pleas to the various offenses with which defendant was charged other than DUII (to which, as noted, defendant had already pleaded guilty in connection with DUII diversion). Defendant ultimately pleaded guilty to those charges and, in accepting defendant's

pleas, the trial court stated on the record that pleas were not "intended to foreclose [on appeal defendant's] ability to raise the legal issue" presented in defendant's motion to dismiss the fourth-degree assault charge, and told defendant that, by pleading guilty, he was "not foregoing [his] appeal rights." The state, in response, objected, emphasizing that "any sort of conditional plea that would preserve the appellate appeal rights is [being made] over the objection of the State."

Ultimately, after his guilty pleas, defendant was sentenced to two years of bench probation with special conditions of probation. He also stipulated to restitution in the amount of $13,119.69. As noted, he appeals the resulting judgments.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, we have identified no arguably meritorious issues.

In reaching that conclusion, we note that our authority to review a conviction based on a defendant's plea of guilty is statutorily circumscribed. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]"); *see also State v. Merrill*, 311 Or App 487, 491, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021), *rev den*, 370 Or 789 (2024) ("The text [of ORS 138.105(5)] makes the legislature's intentions clear: Unless otherwise provided, we have no authority to review on appeal challenges seeking to invalidate convictions based on pleas."). There is an exception to that circumscription, however, under which a challenge to "an adverse determination of any specified pretrial motion" may be reserved for appeal. ORS 135.335(3) (describing conditional guilty pleas); ORS 138.105(5)(a). But, textually, that exception appears to only be applicable if the issue is reserved for appeal with the "consent of the *** state" in the trial court, ORS 135.335(3), and the state did not so consent in this case. Thus, on appeal in this case, it is difficult to know what to make of the trial court's purported reservation of defendant's right to appeal

the issue raised in defendant's motion to dismiss the fourth-degree assault charge over the state's objection.

In considering this case, however, we need not decide whether the exception to our statutorily circumscribed authority to review set forth in ORS 138.105(5) allows review of the issue raised in defendant's motion to dismiss. That is because, as explained below, the determination purportedly reserved for our review by the trial court—*i.e.*, whether the trial court was required to dismiss the fourth-degree assault charge due to issue preclusion—is not arguably meritorious. *See, e.g.*, *State v. Canales*, 301 Or App 668, 670, 458 P3d 720, *rev den*, 366 Or 552 (2020) (court need not decide whether it had "authority to review defendant's arguments" or whether such review was precluded by ORS 138.105(5), where the arguments failed on the merits, so the court would ultimately affirm whether the arguments were reviewable on the merits or not).

Concerning the determination purportedly reserved for our review, "[i]ssue preclusion arises in a subsequent proceeding when an issue of ultimate fact—or an issue of law— has been determined by a valid and final determination in a prior proceeding." *Worley v. Lewis*, 338 Or App 344, 348, 567 P3d 468 (2025) (internal quotation marks omitted); *see also Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (setting forth requirements for issue preclusion to preclude relitigation of an issue, including that the issue was "essential to a *final decision* on the merits in the prior proceeding" (emphasis added)). In this case, as to the determination purportedly reserved for appeal, the difficulty is—as was essentially acknowledged by defendant during the hearing on defendant's motion to allow "entry into the DUII Diversion Program"—the trial court did not make a "final determination" on the issue of whether a collision caused by defendant resulted in "[p]hysical injury as defined in ORS 161.015 to any person other than the defendant." ORS 813.215(1)(j)(B). Instead, with defendant's consent to the process, during the hearing, the trial court expressly stated that it would allow the state to make that showing at a later time if the state was able to do so and, at that point in time, the court could terminate diversion on that basis. In

that way, this case differs from the "usual case" in the criminal context where issue preclusion is applied, *i.e.*, where "a defendant who has been acquitted of a crime invokes issue preclusion to prevent the state from subsequently prosecuting him or her for another crime that has an issue common to the acquitted crime." *State v. Davis*, 265 Or App 179, 185, 335 P3d 1266 (2014).

In short, here, because there was no even arguable "final determination" at the DUII diversion hearing as to whether the collision caused by defendant resulted in "[p]hysical injury as defined in ORS 161.015 to any person other than the defendant," ORS 813.215(1)(j)(B), the determination purportedly reserved for appeal related to issue preclusion is not arguably meritorious.

Thus, and in sum, as noted, having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief—and also giving due consideration to our statutorily circumscribed authority to review, ORS 138.105(5)—we have identified no arguably meritorious issues.[2]

Affirmed.

---

[2] We note that the trial court ultimately determined, subsequent to defendant's guilty plea to the fourth-degree assault charge, that the defendant was ineligible for DUII diversion under ORS 813.215(1)(f), which provides, in part, that a defendant is only eligible for diversion if:

"The defendant had no charge of an offense of * * * assault that resulted from the operation of a motor vehicle pending in this state or in another jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement."

We also note that the statutory scheme applicable to DUII diversion contemplates that the trial court may terminate DUII diversion agreements in certain circumstances, including where the trial court determines that the "defendant no longer qualifies for the diversion agreement under the conditions described in ORS 813.215." ORS 813.255(3)(a).